IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VINT WADE; DONNA WADE; STEVEN WILLING; and JORDAN WILLING <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE JURY TRIAL** <br><br><br> Case No. 4:23-cr-00077-DN-DAO <br><br> District Judge David Nuffer <br> Magistrate Judge Daphne A. Oberg |

On February 26, 2024, the government filed a motion seeking a continuance of the July 8, 2024, trial setting to August 28, 2024 ("Motion").[1] Defendants opposed any continuance of the trial setting asserting the government has not diligently prepared for trial, and asserting Defendants' unavailability for trial on August 28, 2024.[2] Notice of the intent to grant the government's Motion was entered March 1, 2024. The notice required the parties to jointly file a report proposing an agreed upon date for the continued trial.[3] The notice also indicated that an order granting the government's Motion would enter upon determination of a continued trial date that accommodates counsels' schedules.

The parties filed their Joint Report on March 8, 2024, indicating their earliest joint availability for a four-week trial setting is February 3, 2025.[4] Also on March 8, 2024, Defendant Jordan Willing filed a motion for reconsideration of the notice of intent to grant the Motion, and

---

[1] United States' Motion to Continue Jury Trial ("Motion"), docket no. 89, filed Feb. 26, 2024.

[2] Defendants' Response in Opposition to the United States' Motion to Continue Jury Trial ("Response"), docket no. 91, filed Feb. 27, 2024.

[3] Notice From the Court Re: Motion to Continue Jury Trial, docket no. 94, filed Mar. 1, 2024.

[4] Joint Report at 2-3, docket no. 98, filed Mar. 8, 2024. It is appreciated that the parties' Joint Report was timely filed and thoroughly addressed each of issues identified in the notice of intent to grant the Motion to Continue Trial.

requesting severance of the trial in lieu of a continuance.[5] Defendant Steven Willing then filed a motion to join in Jordan Willing's request for reconsideration, but not in the request for severance.[6] Steven Willing also indicated, despite his earlier agreement, his unavailability for a trial setting of February 3, 2025, based on his employment as a Certified Public Accountant.[7]

On March 11, 2024, an order entered denying Jordan Willing's motion for reconsideration and finding moot Steven Willing's motion to join.[8] The order also directed the parties to again jointly file a report proposing an agreed upon date for the continued trial, and set a video scheduling conference for March 28, 2024.[9] The parties, including Steven Willing, filed their Joint Status Report on March 20, 2024, indicating their earliest joint availability for a four-week trial setting is January 27, 2025.[10]

Based on the parties' briefing and filings, and for good cause appearing, the following findings supporting an ends of justice continuance of the jury trial are made:

---

[5] Defendant's Motion for Reconsideration and Severance in lieu of Continuing Trial, docket no. 100, filed Mar. 8, 2024.

[6] Motion to Join Defendant Jordan Willing's Motion for Reconsideration, docket no. 102, filed Mar. 9, 2024.

[7] *Id*. at 3-4.

[8] Order: (1) Taking Under Advisement Motion to Continue Trial, (2) Denying Reconsideration of Notice Re: Intent to Grant Trial Continuance, (3) Requiring Joint Status Report Re: Trial Scheduling, (4) Setting Video Hearing Re: Trial Scheduling, (5) Setting Expert Disclosure and *Daubert* Motions Deadlines, and (6) Setting Briefing Schedule on Motion for Severance, docket no. 103, filed Mar. 11, 2024.

[9] *Id*.

[10] Joint Status Report, docket no. 111, filed Mar. 20, 2024.

1.  An Indictment was filed on September 27, 2023.[11] Defendants first appeared before a judicial officer of the court on October 19, 2023.[12] A 10-day jury trial was set for December 18, 2023,[13] which was within the 70-day time period of the Speedy Trial Act.[14]

2.  The government and Defendants jointly sought a continuance of the December 18, 2023, trial date under 18 U.S.C. § 3161(h)(7)(A).[15] The motion was granted and the jury trial was continued to July 8, 2024, with time excluded under the Speedy Trial Act.[16]

3.  The government now seeks a continuance of the July 8, 2024, trial date under 18 U.S.C. § 3161(h)(7)(A).[17] This is the second requested continuance of the jury trial in this case.

4.  The length of the requested continuance is 51 days.[18] However, Defendants' counsel would be unavailable for trial on the continued trial date the government proposes.[19] The earliest joint availability for a 4-week jury trial is January 27, 2025.[20] The length of a continuance from July 8, 2024, to January 27, 2025, is 203 days.

5.  The government allege that a continuance is necessary given the complexity of this case; to a miscarriage of justice; to avoid unreasonably denying the government continuity of

---

[11] Docket no. 1, filed Sept. 27, 2023.

[12] Minute Entry for Proceedings Held Before Magistrate Judge Cecilia M. Romero, docket no. 48, filed Oct. 19, 2023.

[13] *Id*.

[14] 18 U.S.C. § 3161(c)(1).

[15] Joint Motion to Continue Jury Trial, docket no. 71, filed Nov. 30, 2023.

[16] Order to Continue Jury Trial and Extending Pretrial Motion Deadline, docket no. 79, filed Dec. 4, 2023.

[17] Motion at 2.

[18] *Id*. at 1.

[19] Response at 6; Joint Report at 2-3.

[20] Joint Status Report at 2-3.

counsel; and to avoid denying counsel for all parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[21]

6. The facts that support this allegation, including the length of the delay, include the following:

- This case is unusual and complex, which was previously determined on the parties' prior joint motion to continue the jury trial. The case involves four co-defendants on a trial trajectory; ten separate lawyers (three attorneys for the government, and seven defense counsel from six different law firms); over 26,000 pages of discovery from many sources; novel issues of fact and law; and expert testimony.[22]

- Following Defendants' arraignment on October 19, 2023, the parties engaged in over a month of litigation related to Defendants' pretrial release conditions, which included briefing and an additional detention/pretrial release hearing on November 29, 2023.[23]

- Counsel for Defendant Steven Willing requested a reverse proffer from the government. Given the volume of discovery, the government offered to conduct reverse proffers to all defense counsel, which was accepted. The reverse proffers of the government's theory of the case were presented on January 5, 2024, and January 17, 2024. The government had prepared custom PowerPoint presentations geared at the relevant evidence against each Defendant.[24]

- From January 2024, through February 2024, the parties engaged in bilateral plea negotiations. As part of these negotiations, the government sought an ethics opinion regarding the structuring of a particular potential plea. And the government was preparing plea offers in the last weeks of February 2024.[25]

- On February 22, 2024, the government received a tardy production of 262 responsive documents (many of which are multiple pages), from JMW Sales, Inc. (of which Defendant Jordan Willing is the former CEO). Many of these documents lack responsive attachments or appear to redact relevant information. Counsel for the government is working with counsel for JMW Sales, Inc. to remedy this issue as soon as possible. The delay in production appears to be

---

[21] *Id*. at 2-3; 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

[22] Motion at 2.

[23] Reply Brief to United States' Motion to Continue Jury Trial ("Reply") at 2, docket no. 93, filed Feb. 29, 2024.

[24] *Id*.

[25] *Id*. at 2-3.

inadvertent, but has slowed down the litigation.[26] The government's review of these documents, revealed potentially relevant third-party witnesses that were previously unknown to the government, and has impacted the government's theory of the case (which may necessitate the government seeking a superseding indictment).[27]

- On February 23, 2024, the government became aware of its rare earth element testing timeline, which is expected to be the subject of expert testimony at trial and potential *Daubert* motions. These delays will result in the government receiving rare earth element data by approximately March 7, 2024, and a rare earth element testing report around May 7, 2024, at the earliest. This ongoing testing makes it unreasonable to expect adequate preparation for pretrial proceedings, including a *Daubert* hearing, within the time limits of the currently scheduled trial.[28]

    - The government intends to use scientific techniques to corroborate the origin of the dinosaur bones. X-ray fluorescence ("XRF") is a non-destructive analytical technique used to determine the elemental composition of materials. Rare Earth Element ("REE") testing is partially destructive and involves a dilution method using a mass spectrometer. This science has yet to be used in a court in the United States to assist in the determination of provenience of paleontological resources and will be a case of first impression.[29]

    - The government engaged in discussion with potential experts in December 2023, and has since initiated the government procurement process for these experts. However, since Spring 2023, the government has worked with multiple government paleontologists and geologists on the science in this case. Government paleontologists have conducted XRF of over 1,500 paleontological resources, including seized bones and control samples. This data set involved coordination of many agents and experts. Approximately 650 samples taken early in the investigation underwent a 60-second interval with XRF devices; the other ~900 samples were tested at a 90-second interval (which identifies additional elemental information). The data from the testing was shared with a non-government paleontologist to analyze the raw data.[30]

    - The government did not initially perform all necessary testing of samples in effort to preserve resources and to avoid destructive testing of dinosaur bones while plea negotiations were ongoing. The government is

---

[26] Motion at 2.

[27] Reply at 4-5.

[28] Motion at 2.

[29] Reply at 5.

[30] *Id.* at 5-6.

      coordinating re-testing of the 650 samples with the XRF devices for a 90-second interval. This additional testing will be completed by the end of April 2024. The data will be re-supplied to the non-government paleontologist for a more fulsome analysis. The non-government paleontologist will the prepare an expert report.[31]

- A limited number of samples were sent to a non-governmental geoscientist for REE testing (a destructive but non-consumptive test requiring removal of a thumbnail sized sample from each bone), but the government intends to conduct additional testing. The non-government geoscientist expects to have her expert report finalized by May 7, 2024.[32]

- Counsel for the government has the following trial conflicts, both of which are older criminal cases than this case having firm trial dates, and will impact continuity of counsel:

  - Counsel Ruth Hackford-Peer has a 3-day jury trial set to begin April 29, 2024, in *United States v. Lemon,* 4:22-cr-00122-DN. Defendant is not in custody. Ms. Hackford-Peer is lead counsel and this case has been pending since November 2, 2022.

  - Counsel Ruth Hackford-Peer has a 2-week trial set to begin on August 13, 2024, in *United States v. Sayers*, 21-cr-00229-DS. Defendant is in custody. Ms. Hackford-Peer is lead counsel and this case has been pending since May 26, 2021.[33]

- Counsel for Defendant Vint Wade has an international trip planned in August 2024, which was intentionally scheduled after the July 8, 2024, trial date was set. Counsel also has a 4-day trial set to begin September 23, 2024.[34]

- Counsel for Defendant Donna Wade will be returning from an international trip to Germany on August 8, 2024. This trip was moved to accommodate the July 8, 2024, trial date.[35]

- Counsel for Defendant Steven Willing has out-of-state family commitments in August and trial preparation for a trial starting the first week of September 2024. Counsel currently has trials scheduled for the first two weeks of September 2024, three weeks of October 2024, and the entire month of November 2024.[36]

---

[31] *Id*.

[32] *Id*. at 6-7.

[33] Motion at 2-3.

[34] Joint Report at 2.

[35] *Id*.

[36] *Id*. at 3.

- Counsel for Defendant Jordan Willing has a two and a half month trial starting October 1, 2024, which will require extensive preparation in August 2024, and September 2024, including travel to China to meet with witnesses.[37]

- The parties agree that the trial of this case will require 4 weeks.[38]

7. Defendants are not in custody.

Based on the foregoing findings, this case is so complex, due to the number of defendants, the nature of the prosecution (including continuity of counsel for the government and Defendants), and the existence of novel questions of fact and law (which will require expert testimony) that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits establish by the Speedy Trial Act.[39] An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[40] This is one of those instances. The ends of justice served by continuing the trial date outweigh the best interests of the public and Defendants in a speedy trial.[41]

This continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of counsel for the government or Defendants, or failure on the part of the government to obtain available witnesses.

---

[37] *Id.*

[38] *Id.*

[39] 18 U.S.C. § 3161(h)(7)(B)(ii).

[40] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

[41] 18 U.S.C. § 3161(h)(7)(A).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the government's Motion[42] is GRANTED. The 10-day jury trial previously scheduled to begin on July 8, 2024, is continued and reset as a 4-week jury trial beginning on 27th day of January, 2025, at 8:30 a.m., in Courtroom 7.300 at the Orrin G. Hatch United States Courthouse in Salt Lake City, Utah. The time between the filing of the government's Motion, February 26, 2024, and the new trial date, January 27, 2025, is excluded from Defendants' speedy trial computation for good cause.

The jury trial is continued as to all Defendants. However, Defendant Jordan Willing's motion for severance of the trial[43] remains pending.

IT IS FURTHER ORDERED that the Scheduling Conference set for March 28, 2024, is VACATED.

Signed this 22nd day of March, 2024.

BY THE COURT:

_____
David Nuffer
United State District Judge

---

[42] Docket no. 89, filed Feb. 26, 2024.

[43] Defendant's Motion for Reconsideration and Severance in lieu of Continuing Trial, docket no. 100, filed Mar. 8, 2024.