THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JORDAN WILLING,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SEVERANCE AND SETTING DEADLINES FOR BRIEFING MOTIONS IN LIMINE REGARDING CODEFENDANT STATEMENTS**<br><br>Case No. 4:23-cr-00077-DN-DAO-4<br><br>District Judge David Nuffer |

　　　　Defendant Jordan Willing seeks severance of the trial from his codefendants ("Motion for Severance").[1] Defendant asserts that the government's case against him fails to establish a conspiracy and includes evidence of statements from his codefendants that are not admissible against him at a joint trial under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence.[2] Defendant argues that the government's intent to demonstrate guilt though association and its use of such evidence against him at trial requires severance to avoid prejudice.[3] FED. R. CRIM. P. 8 and 14 provide guidance for joinder and severance.

---

[1] Defendant's Motion for Reconsideration and Severance in lieu of Continuing Trial ("Motion for Severance"), docket no. 100, filed Mar. 8, 2024. The portion of Defendant's Motion for Severance that sought reconsideration of a notice of intent to grant a continuance of the jury trial was previously denied. Order (1) Taking Under Advisement Motion to Continue Trial, (2) Denying Reconsideration of Notice Re: Intent to Grant Trial Continuance, (3) Requiring Joint Status Report Re: Trial Scheduling, (4) Setting Video Hearing Re: Trial Scheduling, (5) Setting Expert Disclosure and *Daubert* Motions Deadlines, and (6) Setting Briefing Schedule on Motion for Severance, docket no. 103, filed Mar. 11, 2024.

[2] Motion for Severance at 12-15; Defendant's Reply in Support of Motion for Severance ("Reply") at 2-8, docket no. 114, filed Mar. 22, 2024.

[3] Motion for Severance at 12-15; Reply at 2-8, 10-11. Defendant also argues that severance is necessary to avoid irreparable prejudice caused by the government's lack of diligence and delay. Motion for Severance at 9-11; Reply at 9-10. This argument was addressed and rejected when the trial was continued to January 27, 2025, as to all Defendants. Memorandum Decision and Order Granting Motion to Continue Jury Trial, docket no. 113, filed Mar. 22, 2024. The continuance was necessitated by the complexity of the case, the nature of the prosecution, and

Because Defendant fails to meet his burden of demonstrating that severance is necessary to avoid prejudice, his Motion[4] is DENIED.

## DISCUSSION

**Case Management Issues:** "There is a preference in the federal system for joint trials of defendants who are indicted together."[5] "Joint trials play a vital role in the criminal justice system."[6] They promote and serve important interests—"they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources."[7] Thus, FED. R. CRIM. P. 8(b) permits the joint trial of two or more defendants charged in the same indictment with allegations that the defendants "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[8]

Nevertheless, "[FED. R. CRIM. P.] 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the [g]overnment."[9] "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the [district] court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."[10] But by its plain language, "Rule 14 does not require severance even if

---

the existence of novel questions of fact and law which made it unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the limits established by the Speedy Trial Act. *Id*. at 4-7. Contrary to Defendant's assertions and argument, the delay was not the result of the government's lack of diligent preparation or failure to obtain available witnesses. *Id*.

[4] Docket no. 100, filed Mar. 8, 2024.

[5] *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[6] *Id*. (internal quotations omitted).

[7] *United States v. Garcia*, 74 F.4th 1073, 1110 (10th Cir. 2023) (quoting *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011)).

[8] FED. R. CRIM. P. 8(b).

[9] *Zafiro*, 506 U.S. at 538.

[10] FED. R. CRIM. P. 14(a).

prejudice is shown."[11] "[L]ess drastic measures [to severance], such as limiting instructions, often will suffice to cure any risk of prejudice."[12] Rule 14, therefore, "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.[13]

A defendant seeking severance over the preference of a joint trial and less drastic countermeasures "faces a steep challenge."[14] "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."[15] "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[16]

"[T]he defendant must show that the right to a fair trial is threatened or actually impaired."[17] And "a defendant does not satisfy this threshold merely by pointing to a negative spill-over effect from damaging evidence presented against codefendants."[18] This is particularly true where codefendants are charged with conspiracy. "[A]bsent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."[19]

---

[11] *Zafiro*, 506 U.S. at 538-539.

[12] *Id*. at 539.

[13] *Id*.

[14] *Garcia*, 74 F.4th at 1109 (internal quotations omitted).

[15] *Zafiro*, 506 U.S. at 539.

[16] *Id*.

[17] *Garcia*, 74 F.4th at 1110 (internal quotations omitted).

[18] *Id*. (internal quotations omitted).

[19] *United States v. Hack*, 782 F.2d 862, 871 (10th Cir. 1986); see also *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994).

Defendant first argues that severance is necessary because the Indictment fails to establish a single overarching conspiracy among Defendants, or that he had any knowledge of or involvement in such a conspiracy.[20] This argument ignores that Defendant has not formally challenged the sufficiency of the Indictment or the charges against him. Defendant's characterization of the government's case and his assertions regarding the sufficiency of the yet to be presented evidence against him are speculative and unsupported. And they do not form an adequate basis for the trial's severance.

The Grand Jury returned an Indictment in this case alleging that Defendants, in violation of Federal law, engaged in a single conspiracy with each other and others to purchase and sell paleontological resources (dinosaur bones) that had been removed from Federal land in Utah and to convert these resources for their own use.[21] The Indictment further alleges that Defendants, each aiding and abetting the other, exported the dinosaur bones to China, mislabeling them and deflating their value to avoid suspicion from government agents that the shipments contained illegally obtained, sold, and transported paleontological resources.[22] The Indictment charges Defendants with one count of Conspiracy Against the United States in violation of 18 U.S.C. § 371,[23] as well as several other joint and individual counts,[24] arising from these alleged acts and transactions.

The allegations within the Indictment sufficiently demonstrate that Defendants are properly joined under Rule 8(b). A joint trial of Defendants is, therefore, favored. And

---

[20] Reply at 2-5.

[21] Indictment ¶ 5 at 2, docket no. 1, filed Sept. 27, 2023.

[22] *Id*. ¶ 6 at 3.

[23] *Id*. ¶¶ 22-27 at 5-10 (Count 1).

[24] *Id*. ¶¶ 28-36 at 10-17 (Counts 2 through 13).

Defendants arguments regarding the sufficiency of the Indictment and the government's evidence against him are issues to be raised through separate motion or after the presentation of evidence at trial.

**Constitutional and Evidentiary Issues:** Defendant next argues that severance is necessary because the government's evidence against him includes statements from his codefendants that are not admissible under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence.[25] As examples, Defendant identifies statements of codefendant Vint Wade made to an unindicted coconspirator and statements of codefendant Steven Willing made during interviews with law enforcement.[26] Defendant argues these statements are hearsay and violate his right to confrontation[27] as announced by the Supreme Court in *Bruton v. United States*.[28]

In *Bruton*, the Supreme Court discussed the irreparable and prejudicial impact caused by admitting into evidence a nontestifying codefendant's extrajudicial incriminating statements in a joint trial.[29]

> In joint trials, . . . when the admissible confession of one defendant inculpates another defendant, the confession is never deleted from the case and the jury is expected to perform the overwhelming task of considering it in determining the guilt or innocence of the declarant and then of ignoring it in determining the guilt or innocence of any codefendants of the declarant. A jury cannot segregate [such] evidence into separate intellectual boxes.[30]

---

[25] Motion for Severance at 12-15; Reply at 2-8, 10-11.

[26] Motion for Severance at 13-14; Reply at 2-8.

[27] Motion for Severance at 12-15; Reply at 2-8.

[28] 391 U.S. 123.

[29] *Id*.

[30] *Id*. at 131.

"[W]here the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial . . . [t]he unreliability of such evidence is intolerably compounded when the alleged accomplice . . . does not testify and cannot be tested by cross-examination."[31] "It was against such threats to a fair trial that the Confrontation Clause was directed."[32] And "in the context of a joint trial [courts] cannot accept limiting instructions as an adequate substitute for [a defendant's] constitutional right of cross-examination.[33]

"*Bruton* provides the foundation for affirmative remedial measures—most notably severance—upon a proper showing that a co-defendant's [extrajudicial] statement offered into evidence [at a joint trial] would inculpate the defendant."[34] But the rule "created by *Bruton* is a narrow one."[35] "*Bruton* applies only in those few contexts where the [codefendant's] statement is so inculpatory as to the defendant that the practical and human limitations of the jury system cannot be ignored."[36] The *Bruton* rule does not apply to a codefendant's extrajudicial statements that "fall outside the protective ambit of the Confrontation Clause," such as nontestimonial statements made in the furtherance of a conspiracy.[37] "[T]he *Bruton* rule [also] does not apply to statements that are not directly inculpatory but [are] only inferentially incriminating."[38]

---

[31] *Id*. at 135-136.

[32] *Id*. at 136.

[33] *Id*. at 137.

[34] *United States v. Clark*, 717 F.3d 790, 814 (10th Cir. 2013).

[35] *United States v. Sarracino*, 340 F.3d 1148, 1160 (10th Cir. 2003).

[36] *Id*. (internal quotations omitted).

[37] *Clark*, 717 F.3d at 816.

[38] *Sarracino*, 340 F.3d at 1160 (internal quotations omitted); see also *Gray v. Maryland*, 523 U.S. 185, 195 (1998).

However, the "*Bruton* [rule] does apply, even if the co-defendant's statement is not facially or directly inculpatory, when the statement is evidence of a fact critical to the prosecution's case."[39]

The statements of codefendant Vint Wade identified by Defendant do not appear to create *Bruton* issues. The statements do not reference Defendant and they were purportedly made to an unindicted coconspirator in the furtherance of the alleged conspiracy.[40] As such, the statements appear to be nontestimonial, falling outside the protections of the Confrontation Clause and *Bruton*.[41] However, the statements of codefendant Steven Willing identified by Defendant may create *Bruton* issues. They are statements purportedly made during interviews with law enforcement,[42] and as such, appear to be testimonial.[43] One of these statements directly references actions of Defendant in labeling shipments of dinosaur bone that may be construed as facially or directly inculpatory.[44] The other identified statements do not appear to be directly or facially inculpatory of Defendant, but may serve as critical facts to the prosecution's case against Defendant.[45] But the mere presence of these potential *Bruton* issues does not entitle Defendant to severance.[46]

The government has not indicated what evidence it intends to use, or how it intends to present such evidence, to prove its case against Defendant at trial. But the government has acknowledged that it is cognizant of potential *Burton* and corresponding confrontation concerns

---

[39] *Sarracino*, 340 F.3d at 1160 (citing *United States v. Glass*, 128 F.3d 1398, 1404 (10th Cir. 1997)).

[40] Motion for Severance at 13-14; Reply at 2-5.

[41] *Clark*, 717 F.3d at 816.

[42] Motion for Severance at 13-14; Reply at 5-8.

[43] *United States v. Shaw*, 758 F.3d 1187, 1195 (10th Cir. 2014).

[44] Motion for Severance at 13-14; Reply at 5-8.

[45] Motion for Severance at 13-14; Reply at 5-8.

[46] *United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990).

7

with the evidence in this case.[47] The government has also represented that it has available evidence, aside from codefendant Steven Wiling's identified statements, that it may use to prove disputed facts against Defendant at trial.[48]

Defendant's concern with the potential for a negative spill-over effect from damaging evidence presented against codefendants is not a sufficient basis to sever the trial.[49] And Defendant fails to meet his burden of demonstrating that his right to a fair trial is threatened or actually impaired by *Bruton* issues. Pointing to a potential that the government may attempt to introduce a codefendant's inculpatory statements at trial is a far stretch from showing a clear prejudice that would require severance. Therefore, Defendant's Motion for Severance[50] is DENIED.

To be clear, however, codefendant statements that violate the Confrontation Clause or the Federal Rules of Evidence will not be admissible at trial. To the extent that the government may seek to present a codefendant statement at trial, the statement may be determined inadmissible. Otherwise, redaction to remove facially and directly incriminating references to Defendant, coupled with limiting instructions to the jury, is a viable remedial measure to avoid prejudice.[51] For codefendant statements that are not facially or directly inculpatory of Defendant, the specific statements and their role in proving the prosecution's case against Defendant will be considered in determining the extent of each statement's admissibility at trial. But these are matters for

---

[47] United States' Opposition to Jordan Wiling's Motion to Sever at 8, docket no. 108, filed Mar. 18, 2024.

[48] *Id*. at 8-9.

[49] *Garcia*, 74 F.4th at 1110.

[50] Docket no. 100, filed Mar. 8, 2024.

[51] *Richardson v. Marsh*, 481 U.S. 200, 209-210 (1987).

resolution on pretrial motions in limine to either admit or exclude specific codefendant statements.

To ensure sufficient time in advance of trial for the parties to present these issues, and sufficient time for ruling and trial preparation following ruling, the following deadlines are set for briefing of motions in limine regarding codefendant statements:

Motions in limine to exclude specific codefendant statements must be filed by no later than November 1, 2024; and

Responses to such motions must be filed by no later than November 15, 2024.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[52] is DENIED.

IT IS FURTHER ORDERED that:

**Meet and Confer:** All parties shall meet and confer (in person or virtually) regarding codefendant statements that may carry a risk of violating *Bruton* and, to the extent, possible determine which codefendant statements the government intends to use and which will not be used at trial. On or before October 4, 2024, the government shall file a listing of statements by named Defendants which will not be used at trial.

**Motions and Briefing:** Each party taking a position on admission of any codefendant statement(s) shall file a master memorandum outlining the applicable case law which shall not exceed ten (10) pages. Then, a separate motion to exclude must be filed regarding each codefendant statement. Each motion must specifically identify the codefendant statement and the relief sought and must contain, in the same document, argument and authorities supplemental to

---

[52] Docket no. 100, filed Mar. 8, 2024.

the master memorandum of law.[53] No motion and memorandum in support of, or in response to, a motion may be longer than five (5) pages in length.

**Deadlines**: The deadline for filing the master memorandum is October 18, 2024. The deadline for filing motions in limine to exclude codefendant statements is November 1, 2024. And the deadline for filing responses to such motions is November 15, 2024. No replies will be permitted. Proposed orders must be emailed to dj.nuffer@utd.uscourts.gov as a Word document.

Signed May 9, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[53] DUCrimR 12-1(b)(1).