

**U.S. Department of Justice**

TRINA A. HIGGINS
United States Attorney
District of Utah

---

*REPLY TO:*
*Ruth Hackford-Peer*
*Assistant United States Attorney*
*Direct: 801-325-3265*

*Office of the United States Attorney*
*111 South Main Street, Suite 1800*
*Salt Lake City, Utah 84111-2176*

*(801) 524-5682*
*(800) 949-9451*
*Fax: (801) 524-3399*

August 30, 2024

Honorable David Nuffer
United States District Court
206 West Tabernacle Street
St. George, UT 84770

Re: *United States v. Wade, et al.*, 4:23-cr-00077-DN-DAO

Dear Judge Nuffer,

Pursuant to the United States' duty of candor, the purpose of this letter is to advise the Court of information incorrectly included and omitted from every search warrant affidavit, seizure warrant affidavit, and the affidavit in support of the post-indictment restraining order obtained in this case.

The United States recently determined that all affidavits in this case contain the same categories of errors. First, the undersigned AUSA discovered that her attempt to anonymize confidential informants and her misunderstanding about information provided by informants led to her misidentifying three confidential informants as the same person in the first search warrant affidavit, obtained in December 2022. Second, because two of the informants were misidentified, impeachment information relevant to their reliability and potential bias, including criminal arrests and payments, was not included in the affidavits. And finally, some of the statements made by the affiant in the first search warrant affidavit, and repeated in subsequent warrants, are inferences rather than factual statements supported by the record, and the affiant did not describe them as such.

Every subsequent search warrant affidavit, seizure warrant affidavit, and affidavit in support of the restraining order submitted, contained the same categories of errors included in the first affidavit identified above. Thus, every subsequent warrant relied on evidence seized under the prior defective warrants. As typical in cases of this complexity, other AUSAs worked on this case. Several of them, all of whom relied in good faith on the accuracy of the affidavits, were

responsible for obtaining warrants in in this district and in courts in other districts. Letters providing notice of the inaccuracies have been sent to each of the judges who authorized those warrants.

In addition, AUSAs, in good-faith reliance on the accuracy of these affidavits, unknowingly repeated the same inaccuracies in pleadings filed with the Court and in oral representations at the initial appearance and detention hearings, and other hearings, including grand jury presentations, in this case.

Because evidence found during the execution of these defective search warrants was used to support the charges in *United States v. Wade, et al.*, the United States filed a dismissal of this case in its entirety with prejudice on August 21, 2024, and the case was closed August 22, 2024.

Although the case has been dismissed, we would be remiss, under our duty of candor, if we did not also notify the Court of this discovery. As lead counsel on this case, I know I speak for all the attorneys when I express our most sincere apologies to the Court for unknowingly presenting these inaccuracies to the Court. Be assured that we continue to strive to avoid errors in our work.

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

TRINA A. HIGGINS
United States Attorney

*[signature]*

RUTH HACKFORD-PEER
Assistant United States Attorney